UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANGELICA MCCORD,                          )

                                     )     **AMENDED COMPLAINT**

                 Plaintiff,      )

                                     )     **JURY TRIAL DEMANDED**

   -against-                    )

                                     )     18 Civ. 8721 (AT) (KHP)

THE CITY OF NEW YORK; POLICE      )
SERGEANT EDWIN CHING, Shield No. 1578;  )
POLICE OFFICER TATIANA CRUZ, Shield No.  )
400; POLICE LIEUTENANT ROBERT        )
SANNASARDO; POLICE LIEUTENANT JOSE   )
BATISTA; POLICE OFFICER STEPHEN     )
VAZQUEZ, Shield No. 31677; POLICE OFFICER )
FAUSTO RAMIREZ, Shield No. 10218; POLICE )
OFFICER DANIEL KERN, Shield No. 9634;    )
JOHN DOE # 1; JOHN DOE # 2;  JOHN      )
DOES; and RICHARD ROES,            )

                                     )
                    Defendants.   )
-----------------------------------------------------------X

### PRELIMINARY STATEMENT

1.   This is a civil action in which the plaintiff, ANGELICA MCCORD, seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments.  The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

1

## JURISDICTION

2.    This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983.  Jurisdiction is conferred upon this court by 42 U.S.C. § 1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

## JURY TRIAL DEMANDED

3.    Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

4.    Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

5.    Plaintiff was at all times relevant herein a resident of the State of New York, County of Bronx.

6.    Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to

2

the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7.    Defendants POLICE SERGEANT EDWIN CHING, Shield No. 1578; POLICE OFFICER TATIANA CRUZ, Shield No. 400; POLICE LIEUTENANT ROBERT SANNASARDO; POLICE LIEUTENANT JOSE BATISTA; POLICE OFFICER STEPHEN VAZQUEZ, Shield No. 31677; POLICE OFFICER FAUSTO RAMIREZ, Shield No. 10218; POLICE OFFICER DANIEL KERN, Shield No. 9634; JOHN DOE # 1; JOHN DOE # 2; and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants POLICE SERGEANT EDWIN CHING, Shield No. 1578; POLICE OFFICER TATIANA CRUZ, Shield No. 400; POLICE LIEUTENANT ROBERT SANNASARDO; POLICE LIEUTENANT JOSE BATISTA; POLICE OFFICER STEPHEN VAZQUEZ, Shield No. 31677; POLICE OFFICER FAUSTO RAMIREZ, Shield No. 10218; POLICE OFFICER DANIEL KERN, Shield No. 9634; JOHN DOE # 1; JOHN DOE # 2; and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were

3

otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE SERGEANT EDWIN CHING, Shield No. 1578; POLICE OFFICER TATIANA CRUZ, Shield No. 400; POLICE LIEUTENANT ROBERT SANNASARDO; POLICE LIEUTENANT JOSE BATISTA; POLICE OFFICER STEPHEN VAZQUEZ, Shield No. 31677; POLICE OFFICER FAUSTO RAMIREZ, Shield No. 10218; POLICE OFFICER DANIEL KERN, Shield No. 9634; JOHN DOE # 1; JOHN DOE # 2; and JOHN DOES are sued individually.

8.   Defendants POLICE SERGEANT EDWIN CHING, Shield No. 1578; POLICE LIEUTENANT ROBERT SANNASARDO; POLICE LIEUTENANT JOSE BATISTA; JOHN DOE # 1[1]; JOHN DOE # 2[2], and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants POLICE SERGEANT EDWIN CHING, Shield No. 1578; POLICE LIEUTENANT ROBERT SANNASARDO; POLICE LIEUTENANT JOSE BATISTA; JOHN DOE # 1; JOHN DOE # 2; and RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of

---

1 JOHN DOE # 1's rank is at present unknown.

2 JOHN DOE # 2's rank is at present unknown.

4

defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE SERGEANT EDWIN CHING, Shield No. 1578; POLICE LIEUTENANT ROBERT SANNASARDO; POLICE LIEUTENANT JOSE BATISTA; JOHN DOE # 1; JOHN DOE # 2; and RICHARD ROES are sued individually.

### STATEMENT OF FACTS

9.   On October 16, 2015, approximately 9:30 or 10:00 p.m., Plaintiff was outside of her grandmother's apartment building, which is located at 240 E. 175th Street in the Bronx.

10.   Plaintiff was chatting with family and friends.

11.   Two male uniformed members of the NYPD – on information and belief Defendants CHING and JOHN DOE # 1 (a white male member of the NYPD, on information and belief one of Defendants SANNASARDO, VAZQUEZ, RAMIREZ, or KERN) – pulled up in an unmarked police car.

12.   Defendants CHING and JOHN DOE # 1 asked one of Plaintiff's cousin's, who was in his car, for his license and registration.

13.   Another of Plaintiff's cousins, seemingly upset at what appeared to be baseless police harassment, told Defendants CHING and JOHN DOE # 1, in sum and substance, that they had nothing

better to do than this and that they should suck his dick.

14.   Plaintiff and the cousin who had made this comment then entered Plaintiff's grandmother's building, and went to Plaintiff's grandmother's apartment, which was on the first floor.

15.   Neither Plaintiff nor her cousin had been in close proximity to either Defendant CHING or JOHN DOE # 1.

16.   Neither of Defendant CHING or JOHN DOE # 1 ever gave Plaintiff or her cousin any order to disperse.

17.   Defendant CHING followed Plaintiff and her cousin into the building.

18.   Plaintiff and her cousin entered Plaintiff's grandmother's apartment, and Plaintiff tried to shut the door behind them.

19.   Defendant CHING physically blocked the door from closing, and then shoved his way into the apartment, without permission and without any lawful cause whatsoever.

20.   Defendant CHING was pursuing Plaintiff's cousin solely due to his exercise of free speech.

21.   After Defendant CHING shoved his way into the apartment, Plaintiff – as well as Plaintiff's grandmother – asked Defendant CHING what he wanted.

22.   Defendant CHING said something to the effect of "where is he" and shoved his way down the apartment's narrow entrance hall toward Plaintiff's cousin, who was at the end of the hall

6

heading toward the back of the apartment.

23.   As Defendant CHING shoved his way past Plaintiff, he violently pushed Plaintiff into Plaintiff's grandmother, and Plaintiff's grandmother fell.

24.   Plaintiff did nothing whatsoever to physically impede Defendant CHING.

25.   Plaintiff demanded, in sum and substance, to know what Defendant CHING was doing in the apartment and told him that he was not allowed to be doing what he was doing.

26.   Defendant CHING responded, in sum and substance, that he could do whatever he wanted.

27.   JOHN DOE # 1 had illegally entered the apartment behind Defendant CHING as well, and JOHN DOE # 1 pushed Plaintiff with both hands to the floor.

28.   Defendant CHING and JOHN DOE # 1 then proceeded to illegally search the entire apartment for Plaintiff's cousin, but were unable to find him.

29.   Both Plaintiff and her grandmother were exceedingly upset and emotional at the physical abuse they had been subjected to, and at the illegal search of the apartment.

30.   Defendant CHING and JOHN DOE # 1 then returned to Plaintiff, who was still in the hallway, and told her, in sum and substance, that if she did not tell her cousin (who they erroneously referred to as her boyfriend) to come out from wherever he was hiding they would arrest her instead, and that a

7

"real man" would come out.

31.   A white, female JOHN DOE Officer, on information and belief Defendant CRUZ, also entered the apartment, and handcuffed Plaintiff.

32.   The handcuffs were applied to Plaintiff with an excessive and punitive tightness.

33.   Plaintiff complained about the tightness of the handcuffs, but nothing was done to loosen them.

34.   Plaintiff was taken to a local precinct in Defendant CRUZ's marked police car.

35.   Defendant CHING and another white male JOHN DOE officer, JOHN DOE # 2 (on information and belief one of Defendants SANNASARDO, BATISTA, VAZQUEZ, RAMIREZ, or KERN), rode along in the police car on the way to the precinct.

36.   At the precinct Plaintiff was placed in a cell.

37.   After approximately an hour or two, Plaintiff was brought to Bronx Central Booking.

38.   Plaintiff was held at Central Booking until approximately 3 or 4 p.m. the next day, when she was arraigned and released on her own recognizance.

39.   Plaintiff was charged with Obstruction of Governmental Administration and Resisting Arrest.

40.   Defendant CRUZ is listed on the NYPD's arrest paperwork as Plaintiff's arresting officer.

41.   On the Criminal Court Complaint that was lodged against

Plaintiff, Defendant CRUZ states that she is informed by Defendant CHING, *inter alia*, that Plaintiff and her cousin (referred to as "a separately unapprehended individual") were shouting and standing close to Defendant CHING while he was conducting a car stop, and that they were asked several times to either leave or to move away from Defendant CHING, and that Plaintiff and her cousin did not move from where they were standing, and that Plaintiff and her cousin ran away when Defendant CHING approached them, and that Defendant CHING saw the handle of what appeared to him to be a firearm tucked into Plaintiff's cousin's waistband, and that Plaintiff's cousin stated in sum and substance "I'm gonna kill you, you Asian fuck," and that Plaintiff and her cousin fled into an apartment unit, and that Plaintiff placed her body between Defendant CHING and her cousin, and that Plaintiff's cousin exited the apartment through a window, and that Plaintiff interfered with Defendant CHING's performance of his official duties, and that Plaintiff resisted arrest by pushing Defendant CHING, flailing her arms, and attempting to wrestle handcuffs away from Defendant CHING.

42. These allegations are lies.

43. Defendant CHING executed a supporting deposition affirming, under penalty of perjury, the truth of these lies.

44. All charges against Plaintiff have been dismissed in their entirety by way of adjournment in contemplation of dismissal.

9

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

45.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

46.    By their conduct and actions in falsely arresting, abusing process against, assaulting and battering (using excessive force against), violating rights to due process of, violating and retaliating for the exercise of rights to free speech and association of, inflicting emotional distress upon, failing to intercede on behalf of, and in fabricating evidence against, Plaintiff, the individual defendants POLICE SERGEANT EDWIN CHING, Shield No. 1578; POLICE OFFICER TATIANA CRUZ, Shield No. 400; POLICE LIEUTENANT ROBERT SANNASARDO; POLICE LIEUTENANT JOSE BATISTA; POLICE OFFICER STEPHEN VAZQUEZ, Shield No. 31677; POLICE OFFICER FAUSTO RAMIREZ, Shield No. 10218; POLICE OFFICER DANIEL KERN, Shield No. 9634; JOHN DOE # 1; JOHN DOE # 2; and JOHN DOES, acting both on their own and in conspiracy with each other, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused damage and injury in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution,

including its First, Fourth and Fourteenth Amendments.

47.   As a result of the foregoing, plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## **SECOND CLAIM**

### **SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

48.   The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

49.   By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory individuals / officers POLICE SERGEANT EDWIN CHING, Shield No. 1578; POLICE LIEUTENANT ROBERT SANNASARDO; POLICE LIEUTENANT JOSE BATISTA; JOHN DOE # 1; JOHN DOE # 2; and RICHARD ROES, caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth and Fourteenth amendments.

50.   As a result of the foregoing, plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

11

## THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

51.   The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

52.   At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

53.   At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

54.   At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly

12

sanctioning the violation of and/or retaliation for individuals'
exercise of free speech and association in a manner that affronts
police officers or is interpreted by police officers as
challenging their authority or documenting or reporting their
misconduct.  These policies, practices, customs, and usages were
a direct and proximate cause of the unconstitutional conduct
alleged herein.

55.  At all times material to this complaint, the defendant
THE CITY OF NEW YORK, acting through its police department and
through the individual defendants, had de facto policies,
practices, customs and/or usages of encouraging and/or tacitly
sanctioning the cover-up of other law enforcement officers'
misconduct, through the fabrication of false accounts and
evidence and/or through "the blue wall of silence."  Such
policies, practices, customs and/or usages are a direct and
proximate cause of the unconstitutional conduct alleged herein.

56.  Defendant CITY authorized and tolerated as
institutionalized practices, and ratified the misconduct detailed
above, by failing to take adequate precautions in the supervision
and/or training of police personnel, including the individual NYPD
Defendants herein.

57.  The defendant CITY's policies/customs and defendant CITY's
failure to supervise and/or train its employees, including the
individual NYPD Defendants herein rose to the level of deliberate

indifference to the consequences of its actions, and indifference to plaintiff's rights, privileges and immunities secured by the Constitution of the United States of America, <u>inter</u> <u>alia</u>, plaintiff's First, Fourth and Fourteenth Amendment rights.

58.   As a result of the foregoing, plaintiff was deprived of her liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.


WHEREFORE, the plaintiff demands the following relief jointly and severally against all of the defendants:

a.   Compensatory damages;

b.   Punitive damages;

c.   The convening and empanelling of a jury to consider the merits of the claims herein;

d.   Costs and interest and attorney's fees;

e.   Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
          October 15, 2018

                         /S/ Jeffrey A. Rothman
                        Jeffrey Rothman, Esq.
                        315 Broadway, Suite 200
                        New York, New York 10007
                        (212) 227-2980

                        Attorney for Plaintiff

14